The Honorable Karen A. Overstreet
Chapter 13

R. Bryan Kidder, WSBA No. 43004
Weitz Law Firm, PLLC
520 Kirkland Way, Suite 103
Kirkland, WA 98033
Phone: (425) 889-9300
Fax: (425) 629-3512

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>William Aaron Tedrow and Donna Jean Davis,<br><br>    Debtors.<br><hr>William Aaron Tedrow and Donna Jean Davis,<br><br>    Plaintiffs,<br><br>v.<br><br>SunTrust Mortgage, Inc,<br><br>    Defendant. | Bankruptcy Case No. 13-20621-KAO<br><br><br><br>Adversary No. _____<br><br>**COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, TO DETERMINE THE EXTENT OF SECURED CLAIMS, AND TO EXTINGUISH THE LIEN OF SUNTRUST MORTGAGE, INC. PURSUANT TO 11 U.S.C. § 506 (A)** |

COME NOW Plaintiffs, by and through their attorney Bryan Kidder and allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs William Aaron Tedrow and Donna Jean Davis, debtors, are natural persons residing in Everett, Snohomish County, Washington and are entitled to bring this action.

2. Defendant is SunTrust Mortgage, Inc., a Virginia-based lender, licensed to do business and actually doing business within the State of Washington.

3. This adversary proceeding arises out of and is related to the above-captioned Chapter 13 Bankruptcy of Plaintiffs now pending in the United States Bankruptcy Court. Therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Defendant herein has a claim against Plaintiffs, as that term is defined by 11 U.S.C. § 101(5). The complaint as set forth herein, involves the determination of the secured status of a claim pursuant to 11 U.S.C. § 506, and as such, constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

Page 1 – COMPLAINT

R. Bryan Kidder
Weitz Law Firm, PLLC
520 Kirkland Way, Suite 103
Kirkland, WA 98033
Phone: (425) 889-9300

Case 14-01020-MLB    Doc 1    Filed 01/12/14    Ent. 01/12/14 14:35:13    Pg. 1 of 3

GENERAL ALLEGATIONS

6. Plaintiffs own a parcel of residential real property located in Everett, Snohomish County, Washington commonly known as 2720 21st Street, with a county tax parcel identification number of 00553101601000. This parcel is described hereafter as the "Property." Plaintiffs reside in the Property.

7. On December 6, 2013, the date of filing of the above-captioned Chapter 13 case, the Property had a fair market value of $172,918, as stated in Schedule A of said case.

8. As of December 6, 2013, the following liens encumbered the Property: a First Deed of Trust in favor of SunTrust Bank, in the amount of $193,321.82, recorded on or about February 28, 2006 ("First Trust Deed") and a Second Deed of Trust in favor of SunTrust Mortgage, Inc., Defendant herein, in the amount of $47,977.64 ("Second Trust Deed") recorded on or about February 28, 2006.

9. As of the date of filing of the Chapter 13 case herein, only the First Trust Deed is a secured claim as defined by 11 U.S.C. § 506(a).

10. As of the date of filing of the Chapter 13 case herein, the Second Trust Deed was entirely unsecured. Plaintiffs' obligation on the note to Defendant was $47,977.64 as of the date of filing, as stated in Schedule D of said case.

FIRST CLAIM

VALUATION OF SECURITY

11. Plaintiffs re-allege the allegations in paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Plaintiffs allege that the Property became property of the bankruptcy estate upon filing of the petition which commenced the underlying Chapter 13 case. Pursuant to 11 U.S.C. § 506(a) and Fed. R. of Bankr. Proc. 3012, Plaintiffs request that the Court determine the value of the Property.

SECOND CLAIM

DETERMINATION OF THE EXTENT OF SECOND TRUST DEED CLAIM

13. Plaintiffs re-allege the allegations in paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Pursuant to 11 U.S.C. § 506(a) and Fed. R. of Bankr. Proc. 3012, Plaintiffs request that the Court determine the nature and extent of the Second Trust Deed on the Property.

Page 2 – COMPLAINT

R. Bryan Kidder
Weitz Law Firm, PLLC
520 Kirkland Way, Suite 103
Kirkland, WA 98033
Phone: (425) 889-9300

Case 14-01020-MLB    Doc 1    Filed 01/12/14    Ent. 01/12/14 14:35:13    Pg. 2 of 3

## THIRD CLAIM

### EXTINGUISHMENT OF THE SECOND TRUST DEED CLAIM

15. Plaintiffs re-allege the allegations in paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. Plaintiffs are informed and believes that the Second Trust Deed is completely unsecured and under applicable law should be determined to be a general unsecured claim.

17. The Court has the authority under applicable law, including § 1322(b), to confirm a Chapter 13 plan which treats the holder of Second Trust Deed, Defendant herein or their successors or assigns, as an unsecured creditor.

18. Under applicable law, upon completion of Plaintiff's Chapter 13 plan and issuance of a discharge, the Court has the authority to extinguish the Second Trust Deed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1. Determines the value of the Property to be $172,918;
2. Determines that the claim secured by the First Trust Deed is secured in an amount exceeding the value of the Property;
3. Determines that the claim secured by the Second Trust Deed is wholly unsecured;
4. Extinguishes the Second Trust Deed and permits modification of the claim under 11 U.S.C. § 1322(b)(2) unless the Chapter 13 case is later dismissed prior to discharge; and
5. Such other and further relief as the Court might deem just and equitable.

DATED January 12, 2014

/s/ Bryan Kidder
R. Bryan Kidder, WSBA No. 43004
Attorney for Plaintiffs

Page 3 – COMPLAINT

R. Bryan Kidder
Weitz Law Firm, PLLC
520 Kirkland Way, Suite 103
Kirkland, WA 98033
Phone: (425) 889-9300

Case 14-01020-MLB    Doc 1    Filed 01/12/14    Ent. 01/12/14 14:35:13    Pg. 3 of 3